WHITFIELD PROPERTIES, INC., C. E. HITCHINGS, F. C. CANNON, and A. S. SKINNER, v. C. H. STUART.

163 So. 701.

Opinion Filed October 11, 1935.

Rehearing Denied November 2, 1935.

*Edwin Brobston,* for Appellants;
No appearance for Appellee.

PER CURIAM.—The appeal brings for review final decree in suit to foreclose tax certificate. The appeal challenges the sufficiency of the allegations of the bill of complaint. We know of nothing that can be gained by discussing questions in regard to the right to foreclose tax certificates which have been issued to the State of Florda for the non-payment of taxes and have thereafter come into the hands of individual holders, which would be only a repetition of what we have heretofore held.

Sufficient to say that we have examined the record and find no reversible error. Therefore, the decree should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—In the petition for rehearing the appellant states; "1. The Court mistook the issue involved in this cause in holding that the appeal herein challenges the sufficiency of the allegations of the bill of complaint.

"2. The real issue involved is whether or not the defendant below made a timely motion to open the decree *pro confesso,* and whether the answer proposed to be filed constitutes, if true, a meritorious defense."

The bill of complaint was to foreclose a tax certificate issued to the treasurer of the State of Florida on the first

day of August, 1932, and which was assigned to C. H. Stuart, the appellee, on the 30th day of January, 1933. The lands were sold for the unpaid taxes and costs for the year 1931.

It will be seen, therefore, that the appellee had a vested right in the certificate prior to the enactment of Chapter 16252, approved June 2, 1933, and the provisions of that Act are not applicable to the tax certificate constituting the basis of this suit.

We examined the answer and the counterclaim tendered with the motion to vacate the decree *pro confesso* in the court below and found no merit in the counter claim and no good defense set up in the answer. For that reason, it was not necessary to discuss either.

Motion for rehearing denied.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.